THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DYNO NOBEL INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL VALLEY TANK OF CALIFORNIA INC., a California corporation, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [11] MOTION FOR DEFAULT JUDGMENT** <br><br><br> Case No. 2:20-cv-00357-DBB-CMR <br><br> District Judge David Barlow |

Before the court is Plaintiff's Motion for Default Judgment.[1] Plaintiff requests that the Clerk of Court enter default judgment or, in the alternative, that the district court enter default judgment. Having reviewed the briefing, Plaintiff's Complaint, and relevant law, the court rules as follows.

## UNCHALLENGED FACTS[2]

Plaintiff Dyno Nobel Inc. (Dyno Nobel) is a Delaware corporation authorized to do business in the State of Utah and maintains its principal place of business in Salt Lake City, Utah.[3] Defendant Central Valley Tank of California Inc. (CVT) is a California corporation and maintains its principal place of business in Fresno, California.[4]

---

[1] ECF No. 11.

[2] *Id.*

[3] A failure to deny a well-pleaded allegation, other than an allegation of damages, constitutes an admission of the fact. Fed. R. Civ. P. 8(b)(6). Accordingly, considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

[4] ECF No. 2 at ¶ 2.

Generally, Dyno Nobel provides explosives products and services and it makes and sells commercial explosives, initiating systems, and related products used primarily in the mining, quarrying, and construction industries.[5] In 2019, Dyno Nobel initiated a project to upgrade an existing manufacturing plant outside of Salt Lake City, Utah, for its client Kennecott Utah Copper Company (Kennecott).[6] To accommodate the plant's needs, Dyno Nobel sought to purchase tanks of various specifications and sizes from CVT to store regulated substances including Ammonium Nitrate solution and Urea/Ammonium Nitrate.[7]

On March 6, 2019, Dyno Nobel and CVT entered into a Purchase Order contract, under which CVT would manufacture and deliver storage tanks subject to Dyno Nobel's specifications.[8] Dyno Nobel prepaid CVT $511,187.00 for the manufacture and delivery of the tanks.[9] Upon delivery, Dyno Nobel experienced significant quality issues with the tanks, rendering the tanks useless due to environmental and safety concerns.[10] Following inspection of the tanks, Dyno Nobel discovered (1) leaks in the tanks during on-site testing; (2) incorrect or illegible product specification stamps; (3) visibly faulty, cracked, and incomplete welds; (4) bent bottom flanges; (5) incorrect height and diameter measurements; (6) incomplete paint coverings; (7) substandard anchor chairs; and (8) incorrectly aligned flanges and nozzles.[11] As a result of the tank quality problems, Dyno Nobel was unable timely to deliver and install functioning tanks at

---

[5] *Id.* at ¶ 6.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶ 9.
[9] *Id.* at ¶ 10.
[10] *Id.* at ¶ 11.
[11] *Id.* at ¶ 12.

the Kennecott site and it incurred additional expenses associated with supplying Kennecott with products.[12]

Dyno Nobel notified CVT of the tank quality issues through email and phone correspondence.[13] In response, CVT verbally agreed that it would accept financial responsibility for the faulty tanks and cover Dyno's associated costs.[14] On April 17, 2020, CVT's General Manager Pat Biggs stated in an email to Dyno Nobel, "I understand that the tanks must be repaired now and there is cost, as I stated previously send me the repair bill when it's all over."[15] On May 13, 2020, Dyno Nobel sent Biggs a formal letter reiterating the quality issues with the tanks and CVT's verbal agreement to compensate Dyno Nobel for expenses associated with the faulty tanks.[16] On May 20, 2020, Biggs responded by stating that he was no longer employed by CVT and that the company was expected to shut down in a few days.[17]

Plaintiff filed a Complaint on June 9, 2020 and filed the purchase order with CVT as Exhibit A.[18] On June 16, 2020, Plaintiff filed a return of service indicating service of process on Defendant through its registered agent,[19] and the Clerk of Court certified Defendant's default on August 17, 2020.[20]

---

[12] *Id.* at ¶¶ 13, 14.

[13] *Id.* at ¶ 15.

[14] *Id.*

[15] *Id.* at ¶ 16.

[16] *Id.* at ¶ 17.

[17] *Id.* at ¶ 18.

[18] ECF Nos. 2, 3, 3-1.

[19] ECF No. 5.

[20] ECF No. 9.

3

**ANALYSIS**

Plaintiff requests that the Clerk of Court enter default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.[21] In the alternative, Plaintiff requests that the court enter default judgment under Rule 55(b)(2).[22]

**I.     This Court Has Jurisdiction to Enter Default Judgment.**

As an initial matter, the court must ensure that jurisdiction exists to enter default judgment. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[23] "In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment."[24]

In its Complaint, Plaintiff alleges a breach of contract claim among citizens of different states and an amount in controversy well in excess of $75,000.[25] Specifically, Plaintiff Dyno Nobel, Inc. is a Delaware corporation that maintains its principal place of business in Salt Lake City, Utah.[26] Defendant Central Valley Tank of California Inc. is a California corporation that maintains its principal place of business in California.[27] And Plaintiff asserts damages of at least $511,187 resulting from Defendant's breach of contract.[28] Because the parties are diverse and the

---

[21] ECF No. 11 at 4.

[22] *Id.* at 5.

[23] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

[24] *Id.*

[25] ECF No. 2 at ¶ 3.

[26] *Id.* at ¶ 1.

[27] *Id.* at ¶ 2.

[28] *Id.* at ¶ 26.

damages exceed the statutory threshold, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Concerning personal jurisdiction, Plaintiff submitted proof of service on June 16, 2020.[29] Specifically, the process server certified delivery of the summons, complaint, and exhibits on Defendant's agent for service on the same date.[30] Additionally, Defendant is subject to jurisdiction in Utah: pursuant to a contract containing a Utah governing law and jurisdiction provision; having transacted business within Utah; causing injury within Utah; and having sufficient contacts with the Utah such that the maintenance of the suit in this court does not offend traditional notions of fair play and substantial justice.[31]

This court has jurisdiction over the subject matter and the parties.

## II. Plaintiff's Claims Are Not for a Sum Certain.

Default judgment is "available only when the adversary process has been halted because of an essentially unresponsive party."[32] Rule 55(b)(1) authorizes entry of judgment by the clerk of court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."[33] "In all other cases, the party must apply to the court for a default judgment."[34] "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."[35]

---

[29] ECF No. 5.

[30] *Id.*; *see generally* Fed. R. Civ. P. 4.

[31] *See* ECF No. 2 at ¶ 4; Exhibit A to Complaint, ECF No. 3 at 4 (stating that the seller, Central Valley Tank, "consents to the jurisdiction" of state or federal courts in Salt Lake County, Utah); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964) (observing that jurisdiction may be conferred upon a court by contractual provision).

[32] *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (citation and internal quotation marks omitted).

[33] Fed. R. Civ. P. 55(b)(1).

[34] *Id.* R. 55(b)(2).

[35] *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

In its Complaint, Plaintiff requests "an award of general, compensatory, incidental, and consequential damages suffered by Dyno Nobel as a result of CVT's breach of contract, in an amount to be proven at trial."[36] It also requests reasonable attorney fees and costs associated with this action.[37] Although Plaintiff asserts contractual damages in the amount of $511,187, it also prays for additional types of damages for which it offers no fixed or definite allegations. After identifying the contractual damages, for example, Plaintiff adds that Defendants' breach also:

> caused or will cause Dyno Nobel to incur hundreds of thousands of dollars in consequential damages for costs and anticipated costs associated with setting up and testing the tanks, removing the faulty tanks from the KUCC site for further testing and repairs, completing repairs on the tanks, providing product to KUCC from other Dyno Nobel facilities necessitated by CTV faulty tanks, and delay damages and lost profits resulting from Dyno Nobel's inability to get its manufacturing facility running at KUCC's mine.[38]

Plaintiff does not identify definite damage amounts for these additional injuries. Thus, there is doubt as to the damages to which Plaintiff is entitled as a result of Defendant's default. Plaintiff's requests are not "certain, settled with respect to amount, or fixed," and they are not capable of simple mathematical calculation or "fixed by operation of law."[39] Consequently, default judgment may not be entered by the Clerk of Court.

### III.   Default Judgment Against CVT Is Appropriate.

In the Tenth Circuit, "a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."[40] However, an evidentiary hearing may not be necessary when affidavits and other documentary evidence

---

[36] ECF No. 2 at 6.

[37] *Id.*

[38] *Id.* at ¶ 26.

[39] *See Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003) (unpublished) (stating that the court accepts as true "all factual allegations in the complaint, except those pertaining to the amount of damages"); *KPS & Assocs., Inc.*, 318 F.3d at 20.

[40] *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

before it will create a record sufficient to make the necessary findings.[41] The affidavits and documentary evidence before the court are sufficient to establish such a record.

Generally, "[d]efault judgments are a harsh sanction."[42] "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."[43] Despite service and notice of this action ten months ago, Defendant has failed to appear and defend against Plaintiff's claims.[44] Accordingly, Plaintiff is entitled to entry of judgment if the Complaint establishes the basis for a claim and damages.[45]

The Complaint sufficiently pleads Defendant's liability. "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[46] The uncontested facts establish the following: the parties entered into an agreement for the purchase of a variety of holding tanks;[47] Plaintiff prepaid for the tanks;[48] Defendant supplied tanks that did not meet the agreed upon specifications or that had substantial faults rendering them useless;[49] and Plaintiff notified

---

[41] *See Malluk v. Berkeley Highlands Prods., LLC*, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020) (citing *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012); *U.S. Small Bus. Admin. v. Branson Properties, LC*, 2016 WL 6902123, at *3 (D. Utah Nov. 23, 2016) (unpublished) (observing that "the court may not enter a default judgement without sufficient evidence in the record to establish the legal and factual basis to support the award" (citing *Venable*, 721 F.2d at 300)); *Hermeris, Inc. v. McBrien*, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012)).

[42] *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987).

[43] *Id.* (brackets and internal quotation marks omitted) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

[44] *See generally* docket.

[45] *See id.* R. 55(b)(2); *see also id.* R. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[46] *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388, *abrogation on other grounds recognized by A.S. v. R.S.*, 2017 UT 77, ¶ 21, 416 P.3d 465.

[47] ECF No. 2 at ¶¶ 8, 9; ECF No. 3.

[48] ECF No. 2 at ¶ 10.

[49] *Id.* at ¶¶ 11, 12, 24, 25.

Defendant of the faulty tanks and Defendant indicated it would accept financial responsibility.[50] Accepting the pleaded facts as true, Plaintiff's Complaint provides a sufficient basis for Defendant's liability such that default judgment is proper.

The Complaint also provides a sufficient basis for damages. Although Plaintiff sought relief through several types of damages in its Complaint, it has moved for default judgment only on the pleaded contractual damages amount of $511,187.[51] Plaintiff attached the purchase order to its Complaint showing the cost of the tanks to be $460,912.[52] In its Complaint and in an affidavit attached to its motion for default, Plaintiff alleges that it "prepaid CVT $511,187.00 for the manufacture and delivery of the tanks."[53] Accordingly, Plaintiff has alleged damages as a result of Defendant's breach of the agreement sufficient to support entry of default judgment in this amount.

### IV.     Plaintiff Is Awarded Attorney Fees and Costs.

Lastly, Plaintiff requests an award of reasonable attorney fees and costs associated with prosecuting this case.[54] Under Utah law, attorney fees are recoverable "only if authorized by contract or statute."[55] "Whether attorney fees are recoverable is a question of law . . . ."[56]

---

[50] *Id.* at ¶¶ 15, 16, 17.

[51] *See id.* at 6; ECF No. 11-4 at ¶ 9; ECF No. 11 at 4, 5.

[52] ECF No. 3 at 2.

[53] ECF No. 2 at ¶ 10.

[54] *Id.* at 6. The court notes that it generally "may not award attorney's fees without holding a hearing to determine the amount." *Venable*, 721 F.2d at 300. However, the detailed declaration of counsel and time report submitted by Plaintiff provide substantial documentary evidence from which a well-supported determination of fees may be made.

[55] *Anderson & Karrenberg v. Jerry Warnick*, 2012 UT App 275, ¶ 9, 289 P.3d 600.

[56] *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 16, 40 P.3d 1119.

Plaintiff's purchase order unambiguously authorizes recovery by the nonbreaching party of reasonable attorney fees and costs against a party breaching the terms of the agreement.[57] Consequently, Plaintiff is entitled to recovery of reasonable fees and costs in the instant action for breach of the agreement.

With its motion for default judgment, Plaintiff submitted a declaration of its lead counsel in this matter attesting to the qualifications of counsel, the rates charged to Plaintiff for legal services, the time spent by counsel working on this case, and the costs incurred.[58] Lead counsel for Plaintiff also attached a detailed time report showing various tasks with descriptions and indicating the specific attorney, the time spent, the billing rate, and the billed amount, among other things.[59] Three attorneys provided legal services in this case and their rates ranged from $255 to $475 per hour depending on the relative experience of the attorney and, collectively, counsel spent 24.8 hours on this case.[60] In total, Plaintiff requests attorney fees in the amount of $8,347 as of September 22, 2020.[61] Plaintiff and counsel also assert costs in the amount of $494.[62]

Having reviewed the Declaration of Zack Winzeler and the detailed time report, the court finds the time spent on this matter and the billing rates are reasonable, as are the costs.[63]

---

[57] ECF No. 3-1 at 4 ("If either party breaches the terms and conditions of this Purchase Order, the nonbreaching party may recover reasonable attorney's fees and costs in seeking to enforce, or recover damages resulting from the breach of, this Purchase Order.").

[58] Declaration of Zack L. Winzeler, ECF No. 11-1.

[59] Time Report, ECF No. 11-2.

[60] ECF Nos. 11-1, 11-2.

[61] ECF No. 11 at 4.

[62] *Id.*; ECF Nos. 11-1 at ¶ 10, 11-2 at 4 (indicating a filing fee of $400 and charge of $94 for service of process).

[63] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

Accordingly, Plaintiff is awarded reasonable attorney fees in the amount $8,374 and is awarded costs in the amount of $494.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS Plaintiff's motion for default judgment.[64] The court awards Plaintiff contractual damages in the amount of $511,187. The court awards Plaintiff reasonable attorney fees in the amount of $8,347. The court awards Plaintiff costs in the amount of $494.

Signed April 7, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[64] ECF No. 11.